IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JOHN WILLIAMS and PAMELA WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 624-054 |
| ROBERT K. BELL INVESTMENT INC., | ) ) ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs filed the above-captioned complaint *pro se* on October 7, 2024, and paid the $405 filing fee. (See doc. no. 1 & dkt. entry.) Upon review of Plaintiffs' complaint, the Court was unable to determine whether it has subject matter jurisdiction over Plaintiffs' claims and further, noted Plaintiffs' filings suggest they are attempting to improperly remove this case from Bulloch County Superior Court. (Doc. no. 4.) Accordingly, on October 17, 2024, the Court ordered Plaintiffs to show cause as to the jurisdictional basis for their complaint and inform the Court as to the relationship between the instant case and the case pending in the Superior Court of Bulloch County within fourteen days. (Id.) The time to respond has passed, and Plaintiffs have not responded as required.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556

F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiffs' failure to respond to the Court's October 17th Order, or even to provide the Court with an explanation for their failure do so, amounts not only to a failure to prosecute, but also an abandonment of this case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiffs that a failure to respond would be an election to have this case voluntarily dismissed.

In sum, the time to respond has passed, and Plaintiffs have not submitted a response as required by the Court's October 17th Order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.  Although "removal" was never accomplished in a procedurally proper manner, in

an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the Superior Court of Bulloch County.

SO REPORTED and RECOMMENDED this 5th day of November, 2024, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA